UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x

| | |
|---|---|
| In re : | |
| : | 04 MD 1598 (JSR) |
| EPHEDRA PRODUCTS LIABILITY : | |
| LITIGATION. : | |
| : | |
| : | |
| : | |

------------------------------------------------------------x

PERTAINS TO ALL CASES

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x

| | |
|---|---|
| In re : | |
| : | Chapter 11 Case No. |
| TL ADMINISTRATION CORPORATION, : | |
| et al. (f/k/a TWINLAB CORPORATION, et al.), : | 03-15564 (RDD) |
| : | |
| : | (Jointly Administered) |
| Debtors. : | |

------------------------------------------------------------x

## ORDER (I) APPROVING FIRST AMENDED DISCLOSURE STATEMENT, (II) FIXING A RECORD DATE, (III) APPROVING SOLICITATION PACKAGES AND PROCEDURES FOR DISTRIBUTION THEREOF, (IV) APPROVING FORMS OF BALLOTS AND PROCEDURES FOR VOTING ON THE DEBTORS' FIRST AMENDED JOINT PLAN OF LIQUIDATION, (V) SCHEDULING A HEARING AND ESTABLISHING NOTICE AND OBJECTION PROCEDURES IN RESPECT OF CONFIRMATION OF THE DEBTORS' FIRST AMENDED JOINT PLAN OF LIQUIDATION, AND (VI) AUTHORIZING THE RETENTION OF BANKRUPTCY SERVICES, LLC AND FINANCIAL BALLOTING GROUP LLC AS VOTING AND TABULATION AGENTS

A hearing having been held on June 2, 2005 (the "Hearing") to consider the

motion, dated April 26, 2005 (the "Motion"), of TL Administration Corporation (f/k/a Twinlab

Corporation) and certain of its direct and indirect subsidiaries, as debtors and debtors in

possession (collectively, the "Debtors") for an order (i) approving the First Amended Disclosure

Statement (as amended, including as most recently filed with the Bankruptcy Court on June 3,

2005, the "Disclosure Statement") for the Debtors' First Amended Joint Plan of Liquidation

Under Chapter 11 of the Bankruptcy Code (the "Plan"), (ii) fixing a record date, (iii) approving

solicitation packages and procedures for distribution thereof, (iv) approving forms of ballots and

procedures for voting on the Plan, (v) scheduling a hearing and establishing notice and objection

procedures in respect of confirmation of the Plan, and (vi) authorizing the retention of

Bankruptcy Services, LLC ("BSI") and Financial Balloting Group LLC ("FBG" and together

with BSI, the "Voting Agents") as voting and tabulation agents, all as more fully set forth in the

Motion; and the Courts (as defined below) having jurisdiction to consider the Motion and the

relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334 and the Standing Order of

Referral of Cases to Bankruptcy Court Judges of the District Court for the Southern District of

New York (the "District Court"), dated July 19, 1984 (Ward, Acting C.J.); and the District Court

having withdrawn the bankruptcy reference with respect to the Debtors' chapter 11 cases by

Order dated March 22, 2005 (the "Reference Order"); and the Reference Order (as amended by

the District Court's Status Order (Including Case Management Order No. 12) dated April 15,

2005) having provided that the District Court and the Bankruptcy Court for the Southern District

of New York (the "Bankruptcy Court" and together with the District Court, the "Courts") "shall

jointly retain jurisdiction over, and jointly hear," "all hearings on the approval of a disclosure

statement and confirmation of a chapter 11 plan of liquidation"; and consideration of the Motion

and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and

venue being proper before these Courts pursuant to 28 U.S.C. §§ 1408 and 1409; and due and

proper notice of the Motion having been provided, and no other or further notice need be

provided; and the relief requested in the Motion being in the best interests of the Debtors and all

parties in interest; and the Courts having reviewed the Motion and having heard the statements in

support of the relief requested therein at the Hearing; and the Courts having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before the Courts; and after due deliberation and sufficient cause appearing therefor, it is

ORDERED, FOUND AND DETERMINED THAT:

1.      The Disclosure Statement contains adequate information within the meaning of section 1125 of chapter 11 of title 11 of the United States Code (the "<u>Bankruptcy Code</u>").

2.      The Disclosure Statement and the Motion are hereby approved.

3.      The Debtors are authorized to make non-substantive changes to the Disclosure Statement, the Plan, and related documents prior to their mailing without further order of the Courts, including, without limitation, the insertion of dates and times approved by the Courts at the Hearing, changes to correct typographical and grammatical errors, and conforming changes among the Disclosure Statement, the Plan and any other materials in the Solicitation Package.

4.      May 27, 2005 is established as the record date (the "<u>Record Date</u>") for purposes of this Order and determining which holders of claims are entitled to vote on the Plan.

5.      The Ballots[1] and Master Ballot substantially in the forms annexed hereto as Exhibits "A," "B," "C," and "D" are approved.

6.      By June 14, 2005 (the "<u>Solicitation Date</u>"), the Debtors shall deposit or cause to be deposited in the United States mail, postage prepaid, a solicitation package (the "<u>Solicitation Package</u>") containing copies of (i) this Disclosure Statement Order (without the

---

[1] Unless otherwise defined, capitalized terms used herein shall have the meanings ascribed to such terms in the Motion.

Exhibits attached thereto); (ii) the Confirmation Hearing Notice (substantially in the form annexed hereto as Exhibit "E"); and (iii) either (a) a Ballot and/or Master Ballot[2], together with a return envelope and the Disclosure Statement (together with the Plan annexed thereto as Exhibit "A"), to creditors in classes entitled to vote, or (b) a Notice of Non-Voting Status (as defined below), to creditors and equity holders in classes not entitled to vote.

7.      In accordance with Bankruptcy Rules 2002 and 3017(d), the Confirmation Hearing Notice sets forth (i) the date of approval of the Disclosure Statement, (ii) the Record Date, (iii) the Voting Deadline (as defined below), (iv) the Confirmation Objection Deadline (as defined below), and (v) the time, date, and place for the Confirmation Hearing. Because it is included in the Solicitation Package, such notice will be sent on or prior to the date that is twenty-five (25) days prior to the Confirmation Objection Deadline. The Confirmation Hearing Notice includes in conspicuous bold language a statement that the Plan proposes an injunction not otherwise enjoined under the Code, describes briefly the nature of the injunction, and identifies the entities that are to be subject to the injunction, all as required by and in compliance with Bankruptcy Rule 2002(c)(3). The Confirmation Hearing Notice satisfies all the notice requirements of Bankruptcy Rule 2002.

8.      The Debtors shall send to holders of claims in Class 1 (Secured Claims), Class 2 (Priority Non-Tax Claims), and Class 3 (Pre-2002 Ephedra PI Claims) a Notice of Non-Voting Status for unimpaired claim holders, substantially in the form annexed hereto as Exhibit "F," and to holders of claims in Class 6 (Punitive Damage Claims) and equity interests in Class 7 (Equity Interests) a Notice of Non-Voting Status for impaired claim holders receiving no

---

[2] Consistent with securities industry practices in bankruptcy solicitations, Master Ballots will be distributed to Voting Nominees after the Solicitation Packages have been forwarded to the bondholders.

distribution under the Plan, substantially in the form annexed hereto as Exhibit "G." The Notices of Non-Voting Status identify the classes designated as unimpaired or impaired and receiving no distribution under the Plan and set forth the manner in which a copy of the Plan and Disclosure Statement may be obtained. Such notices satisfy the requirements of Bankruptcy Rule 3017(d).

9. The Debtors shall distribute or cause to be distributed by the Solicitation Date, this Disclosure Statement Order (without exhibits attached thereto), the Confirmation Hearing Notice, and the Disclosure Statement (together with the Plan annexed thereto as Exhibit "A") to (i) the U.S. Trustee, (ii) the attorneys for the Creditors Committee, (iii) the attorneys for the Ephedra Claimants Committee, and (iv) all parties that the Debtors are required to serve pursuant to the Bankruptcy Court's Order, dated September 12, 2003, establishing notice procedures.

10. The Debtors are not required to distribute Solicitation Packages to creditors who have timely filed proofs of claim for amounts less than or equal to the amounts scheduled for such claims by the Debtors if such claims have already been paid in the full scheduled amount; provided, however, if, and to the extent that, any such creditor would be entitled to receive a Solicitation Package for any reason other than by virtue of the fact that its claim had been scheduled by the Debtors, such creditor will be sent a Solicitation Package in accordance with the procedures set forth above.

11. The Debtors are not required to distribute Solicitation Packages to those entities listed at addresses from which Disclosure Statement Notices were returned as undeliverable by the United States Postal Service unless the Debtors are provided with accurate addresses for such entities before the Solicitation Date, and failure to distribute Solicitation

Packages to such entities will not constitute inadequate notice of the Confirmation Hearing Date or the Voting Deadline, or violation of Bankruptcy Rule 3017(d).

12.     In addition to mailing the Confirmation Hearing Notice, the Debtors shall publish the Confirmation Hearing Notice, not less than twenty-five (25) days prior to the Confirmation Objection Deadline, in *The New York Times* (National Edition) and *The Wall Street Journal* (National Edition).  The publication of the Confirmation Hearing Notice will provide sufficient notice of the approval of the Disclosure Statement, the Record Date, the Voting Deadline, the Confirmation Objection Deadline, and the time, date, and place of the Confirmation Hearing to persons or entities that do not otherwise receive notice by mail as provided for in the Disclosure Statement Order.

13.     The letters in support of the Plan from the Official Committee of Unsecured Creditors and the Official Committee of Ephedra Claimants submitted at the Hearing are approved and the Debtors are authorized to include letters in substantially the same form of such letters with the Solicitation Packages to be mailed to creditors in classes entitled to vote. Further, a letter in support of the Plan from the Plaintiffs Coordinating Council in the above-captioned Multi District Litigation in substantially the same form as the letter in support of the Plan from the Official Committee of Ephedra Claimants is approved, and the Debtors are authorized to include such a letter with the Solicitation Packages to be mailed to creditors in classes entitled to vote.

14.     A Voting Nominee has two options with respect to voting.  Under the first option, the Voting Nominee will forward the Solicitation Package to each bondholder for voting and include a return envelope provided by and addressed to the Voting Nominee so that the bondholder may return the completed Ballot for Class 5 Noteholder Claims.  The Voting

Nominee will then summarize the individual votes of its respective bondholders from their Ballots for Class 5 Noteholder Claims on the appropriate Master Ballot, and then return the Master Ballot to the Debtors' Voting Agents.

15. Under the second option, if the Voting Nominee elects to "prevalidate" Ballots:

(a) to "prevalidate" a ballot, the Voting Nominee should complete and execute the Ballot (other than Items 2 and 3 thereon) and indicate on the Ballot the name of the bondholder, the number of claims held by the Voting Nominee for the bondholder and the account number(s) for the account(s) in which such bonds are held by the Voting Nominee; and

(b) the Voting Nominee shall forward the Solicitation Package or copies thereof (including (i) the Disclosure Statement, (ii) an individual Ballot that has been prevalidated, as indicated in paragraph (a) above, and (iii) a return envelope provided by and addressed to the Debtors' Voting Agents) to the bondholder within five (5) business days of the receipt by such Voting Nominee of the Solicitation Package;

(c) the bondholder shall return the prevalidated Ballot to the Debtors' Voting Agents by the Voting Deadline.

16. All persons and entities entitled to vote on the Plan including Voting Nominees shall deliver their Ballots by mail, hand delivery or overnight courier no later than 4:00 p.m. (New York Time) on July 14, 2005 (the "Voting Deadline") to the Voting Agents at:

**TL ADMINISTRATION CORPORATION (F/K/A TWINLAB CORPORATION)**
**c/o BSI - FBG**
**757 Third Avenue – 3rd Floor**
**New York, New York 10017**

Any Ballot received after such time shall not be counted other than as provided for herein. Ballots submitted by telecopier, facsimile or other electronic communications shall not be counted.

17. Subject to Bankruptcy Rule 3018(a), the Debtors shall have the ability to extend the Voting Deadline at the Debtors' sole discretion.

18. Solely for the purposes of voting to accept or reject the Plan, each claim within a class of claims entitled to vote to accept or reject the Plan shall be entitled to vote the amount of such claim as set forth in the Schedules unless such holder has timely filed a proof of claim, in which event such holder would be entitled to vote the amount of such claim as set forth in the proof of claim; provided that:

(a) if a claim is deemed allowed under the Plan, such claim is allowed for voting purposes in the deemed allowed amount set forth in the Plan;

(b) if a claim for which a proof of claim has been timely filed is, by its terms, contingent, unliquidated, or disputed, such claim is temporarily allowed for voting purposes only, and not for purposes of allowance or distribution, in an amount equal to the lesser of (i) $10,000, and (ii) the amount listed on such proof of claim;

(c) if a claim for which a proof of claim has been timely filed is partially liquidated and partially unliquidated, such claim is temporarily allowed for voting purposes in the liquidated amount only;

(d) if a claim has been estimated or otherwise allowed for voting purposes by order of the Court, such claim is temporarily allowed in the amount so estimated or allowed by the Court for voting purposes only, and not for purposes of allowance or distribution;

(e) if a claim is listed in the Schedules as contingent, unliquidated, or disputed and a proof of claim was not (i) filed by the applicable bar date for the filing of proofs of claim established by the Court or (ii) deemed timely filed by an order of the Court prior to the Voting Deadline, unless the Debtors have consented in writing, such claim is disallowed for voting purposes and for purposes of allowance and distribution pursuant to Bankruptcy Rule 3003(c); and

(f) if the Debtors have served an objection to a claim at least ten (10) days before the Voting Deadline, such claim is temporarily disallowed for voting purposes only and not for purposes of allowance or distribution, except to the extent and in the manner as may be set forth in such objection.

19. If any creditor seeks to challenge the allowance of its claim for voting purposes in accordance with the above procedures, such creditor shall serve upon the Debtors and file with the Court a motion for an order pursuant to Bankruptcy Rule 3018(a) temporarily

allowing such claim in a different amount for purposes of voting to accept or reject the Plan on or before the later of (i) the fifth (5th) day after the date of service of notice of an objection, if any, to such claim, and (ii) the fifth (5th) day after the date of service of notice of entry of this Order.

20.    With respect to Ballots submitted by a holder of a claim:

(a)    whenever a creditor casts more than one Ballot or Master Ballot voting the same claim(s) before the Voting Deadline, the last Ballot or Master Ballot received before the Voting Deadline shall be counted;

(b)    creditors may not split their vote within a class; thus each creditor shall vote all of its claims within a particular class either to accept or reject the Plan;

(c)    any Ballot which is otherwise properly completed, executed, and timely returned to the Voting Agent that does not indicate an acceptance or rejection of the Plan, or that indicates both an acceptance and rejection of the Plan, shall not be counted;

(d)    any Ballot received after the Voting Deadline shall not be counted unless the Debtors shall have granted in writing an extension;

(e)    any Ballot that is illegible or contains insufficient information to permit identification of the claimant shall not be counted;

(f)    any Ballot cast by a creditor or bondholder that does not hold a claim in a class that is entitled to vote to accept or reject the Plan shall not be counted;

(g)    any Ballot which is returned unsigned shall not be counted; and

(h)    any Ballot transmitted to the Debtors' Voting Agent by facsimile or other electronic means shall not be counted.

21.    With respect to Master Ballots cast by Voting Nominees and prevalidated Ballots cast by bondholders, for purposes of voting, the principal amount of bonds held as of the Record Date  (the "Record Amount") will be used and the following additional rules shall apply:

(a)    votes cast by bondholders through prevalidated Ballots will be applied against the positions held by the relevant Voting Nominees in the applicable security as of the Record Date, as evidenced by record and depository listings.  Votes cast on account of securities held by a Voting

Nominee (whether pursuant to a Master Ballot or prevalidated Ballots) will not be counted in excess of the Record Amount of such securities held by such Voting Nominee.

(b)     to the extent conflicting votes or "overvotes" are submitted, the Debtors' Voting Agents will attempt to reconcile discrepancies with the Voting Nominees.

(c)     to the extent overvotes on a Master Ballot or prevalidated Ballots are not reconcilable prior to the preparation of the vote certification, the Debtors' Voting Agents will apply the votes to accept and to reject the Plan in the same proportion as the votes to accept and reject the Plan submitted on the Master Ballot or prevalidated Ballots that contained the overvote, but only to the extent of the Voting Nominee's position with the bondholders.

22.     The hearing on confirmation of the Plan is scheduled for July 21, 2005 (the "Confirmation Hearing Date") at 2:00 p.m. (New York Time), in Courtroom 14-B, United States District Court for the Southern District of New York, 500 Pearl Street, New York, New York. This hearing may be adjourned from time to time without further notice other than an announcement of the adjourned date(s) at said hearing and at any adjourned hearing(s).

23.     Any objection to confirmation of the Plan must (i) be in writing, (ii) state the name and address of the objecting party and the amount and nature of the claim or interest of such party, (iii) state with particularity the basis and nature of any objection to the Plan, and (iv) be filed, together with proof of service, with the Courts and served so that they are received by (a) Weil, Gotshal & Manges LLP, attorneys for the Debtors, 767 Fifth Avenue, New York, New York 10153 (Attn: Michael P. Kessler, Esq.); (b) the Office of the United States Trustee for the Southern District of New York, 33 Whitehall Street, 21st Floor, New York, New York 10004 (Attn: Richard Morrissey, Esq.); (c) Kaye Scholer, LLP, attorneys for the Creditors Committee, 425 Park Avenue, New York, New York 10022 (Attn: Richard G. Smolev, Esq.), and (d) Brown Rudnick Berlack Israels LLP, attorneys for Ephedra Claimants Committee, Seven Times Square, New York, New York 10036 (Attn: David Molton, Esq.), no later than 4:00 p.m. (New York

Time) on July 14, 2005.  Any confirmation objection not filed and served as set forth herein shall be deemed waived and may not be considered by the Courts.

24.     The Debtors are hereby authorized to employ and retain FBG as a voting agent, on the terms and subject to the conditions set forth in the Agreement annexed to the Motion as Exhibit "J."

25.     The Debtors are hereby authorized to utilize BSI as a voting agent and the scope of services to be provided by BSI in these chapter 11 cases, as set forth more fully in the Order Authorizing the Retention of BSI As Claims and Noticing Agent, dated September 3, 2003, is hereby modified to include all services required of and attendant to a voting agent in these chapter 11 cases.

26.     The Debtors are hereby authorized to compensate FBG and BSI upon receipt of a reasonably detailed invoice, in accordance with prior order of the Bankruptcy Court providing for interim payment of fees and expenses of professionals; provided, however that FBG and BSI shall file an application with the Bankruptcy Court for final approval of fees and expenses for services performed in connection with this Order.

27.     The determinations, findings, judgments, decrees and orders set forth or incorporated herein constitute the Courts' findings of fact and conclusions of law pursuant to Bankruptcy Rules 7052 and 9014.  Each finding of fact set forth or incorporated herein, to the extent it is or may be deemed a conclusion of law, shall also constitute a conclusion of law.  Each conclusion of law set forth or incorporated herein to the extent it is or may be deemed a finding of fact, shall also constitute a finding of fact.

Dated:  June 3, 2005
          New York, New York

/s/ JED S. RAKOFF
The Honorable Jed S. Rakoff
United States District Court
Southern District of New York

/s/ ROBERT D. DRAIN
The Honorable Robert D. Drain
United States Bankruptcy Court
Southern District of New York

# EXHIBIT  A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
In re                                            :
                                                 :        04 MD 1598 (JSR)
EPHEDRA PRODUCTS LIABILITY                       :
LITIGATION.                                      :
                                                 :
                                                 :
                                                 :
-------------------------------------------------------------x

PERTAINS TO ALL CASES

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
In re                                            :
                                                 :        Chapter 11 Case No.
TL ADMINISTRATION CORPORATION,                   :
et al. (f/k/a TWINLAB CORPORATION, et al.),      :        03-15564 (RDD)
                                                 :
                                                 :        (Jointly Administered)
                              Debtors.           :
-------------------------------------------------------------x

BALLOT FOR HOLDERS OF
CLASS 4 2002-2004 EPHEDRA PI CLAIMS

| |
|---|
| Individualized information will be placed on each Ballot setting forth the name and address of the claimholder, and the claim amount such holder is entitled to vote against the Debtors (the lesser of (i) $10,000, and (ii) the amount listed on the claimholder's claim). |

       TL Administration Corporation (f/k/a Twinlab Corporation) and certain of its direct and indirect subsidiaries, as debtors and debtors in possession (collectively, the "Debtors"), are soliciting votes with respect to the First Amended Joint Plan of Liquidation of TL Administration Corporation (f/k/a Twinlab Corporation), TL Administration Inc. (f/k/a Twin Laboratories Inc.), and TL Administration (UK) Ltd. (f/k/a Twin Laboratories (UK) Ltd.) Under Chapter 11 of the Bankruptcy Code, dated May 25, 2005 (as same may be amended, the "Plan"), from the holders of impaired claims in Class 4 under the Plan.

       **THIS BALLOT IS TO BE USED FOR VOTING BY HOLDERS OF CLASS 4 2002-2004 EPHEDRA PI CLAIMS. FOR A VOTE TO COUNT, IT MUST BE RECEIVED BY THE VOTING AGENTS BEFORE THE VOTING DEADLINE OF 4:00 P.M., NEW YORK TIME, ON JULY 14, 2005.**

**THE ABOVE-LISTED CLAIM AMOUNT WILL BE USED FOR VOTING PURPOSES ONLY AND WILL NOT BE DETERMINATIVE OF, OR OTHERWISE AFFECT, THE HOLDER'S CLAIM FOR PLAN TREATMENT OR DISTRIBUTION PURPOSES OR ANY OTHER CHAPTER 11 PURPOSES.**

**PLEASE COMPLETE THE FOLLOWING:**

**ITEM 1.        Amount of Claim.**  For purposes of voting to accept or reject the Plan, the undersigned holds a Class 4 2002-2004 Ephedra PI Claim against the Debtors in the amount set forth above.  This claim is unliquidated and disputed.  Such claim will be temporarily allowed for voting purposes only, and not for purposes of allowance or distribution, at the lesser of (i) $10,000, and (ii) the amount listed on the  undersigned's Class 4 2002-2004 Ephedra PI Claim.

**ITEM 2.        Vote on the Plan.**  The undersigned holder of a Class 4 2002-2004 Ephedra PI Claim set forth in Item 1 above hereby votes to:

<u>Check one box:</u>          ☐          Accept the Plan
                              ☐          Reject the Plan

**ITEM 3.        Acknowledgements and Certification.**  By signing this Ballot, the undersigned acknowledges that the undersigned has been provided with a copy of the First Amended Disclosure Statement for the Plan, dated May 25, 2005 (as same may be amended, the "<u>Disclosure Statement</u>"), including all exhibits thereto.  The undersigned certifies that (i) this Ballot is the only Ballot submitted for its 2002-2004 Ephedra PI Claim, (ii) it has full power and authority to vote to accept or reject the Plan with respect to the amount of the  2002-2004 Ephedra PI Claim listed in Item 1, and (iii) it was the holder of the 2002-2004 Ephedra PI Claim listed in Item 1 on May 27, 2005.  The undersigned further acknowledges that the Debtors' solicitation of votes is subject to all terms and conditions set forth in the Disclosure Statement.

Print or Type Name of Claimant:_____

Social Security or Federal Tax I.D. No. of Claimant:_____

Signature:_____

If by Authorized Agent, Name and Title of Agent:_____

Name of Institution:_____

Street Address:_____

City, State, and Zip Code:_____

Telephone Number:_____

Date Completed:_____

**VOTING INSTRUCTIONS FOR COMPLETING THE BALLOT**
**FOR HOLDERS OF CLASS 4 2002-2004 EPHEDRA PI CLAIMS**

a.   This Ballot is submitted to you to solicit your vote to accept or reject the Plan, which is described in the Disclosure Statement. All capitalized terms used but not defined herein have the meanings ascribed to such terms in the Plan or the Disclosure Statement. **PLEASE READ THE PLAN AND THE DISCLOSURE STATEMENT CAREFULLY BEFORE COMPLETING THIS BALLOT**.

b.   The Plan will be accepted by Class 4 if it is accepted by the holders of two-thirds in amount and more than one-half in number of claims in Class 4 voting on the Plan. If the Plan is confirmed by the Bankruptcy Court, all holders of interests in, and any and all other holders of claims against, the Debtors (including those who abstain or reject the Plan or are not entitled to vote thereon) will be bound by the confirmed Plan and the transactions contemplated thereby.

c.   To have your vote counted, you must complete, sign and return this Ballot so that it is received by the Voting Agents not later than 4:00 p.m., New York Time, on July 14, 2005, unless such time is extended in the sole discretion of the Debtors (the "Voting Deadline"). You may use the envelope provided or send the Ballot by mail, hand delivery or overnight courier to the Voting Agents at the following address:

**TL ADMINISTRATION CORPORATION (F/K/A TWINLAB CORPORATION)**
**c/o BSI - FBG**
**757 Third Avenue – 3rd Floor**
**New York, New York 10017**
**(646) 282-2500**

**Ballots will not be accepted by telecopy or facsimile transmission.**

d.   To properly complete the Ballot, you must follow the procedures described below:

   i.   cast one vote to accept or reject the Plan by checking the appropriate box in Item 2;

   ii.   if you are completing this Ballot on behalf of another person or entity, indicate your relationship with such person or entity and the capacity in which you are signing and submit satisfactory evidence of your authority to so act (e.g., a power of attorney or a certified copy of board resolutions authorizing you to so act);

   iii.   if you also hold claims in a Class other than Class 4, you may receive more than one Ballot labeled for a different Class of claims. Your vote will be counted in determining acceptance or rejection of the Plan by a particular Class of claims only if you complete, sign and return the Ballot labeled for that Class of claims in accordance with the instructions on that Ballot;

   iv.   if you submit more than one Ballot voting the same claim prior to the Voting Deadline, then the last timely filed Ballot shall be counted;

v.  if you believe that you have received the wrong Ballot, please contact the Voting Agents immediately;

vi.  sign and date your Ballot;

vii.  provide your name and mailing address; and

viii.  return your Ballot to the Voting Agents by using the enclosed pre-addressed return envelope and mailing it to the Voting Agents before the Voting Deadline of 4:00 p.m., New York Time, on July 14, 2005.

**ANY BALLOT THAT IS EXECUTED AND RETURNED BUT THAT (a) DOES NOT INDICATE AN ACCEPTANCE OR REJECTION OF THE PLAN OR (b) INDICATES BOTH AN ACCEPTANCE AND REJECTION OF THE PLAN, WILL NOT BE COUNTED.**

**IF A BALLOT IS DAMAGED OR LOST, FOR ADDITIONAL COPIES OF THE DISCLOSURE STATEMENT, OR FOR ANY QUESTIONS CONCERNING VOTING PROCEDURES, YOU MAY CONTACT THE VOTING AGENTS AT THE FOLLOWING ADDRESS AND TELEPHONE NUMBER:**

**TL ADMINISTRATION CORPORATION (F/K/A TWINLAB CORPORATION)**
**c/o BSI - FBG**
**757 Third Avenue – 3rd Floor**
**New York, New York 10017**
**(646) 282-2500**

# EXHIBIT B

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------x
In re                                                              :
                                                                   :       **04 MD 1598 (JSR)**
**EPHEDRA PRODUCTS LIABILITY**                                     :
**LITIGATION.**                                                    :
                                                                   :
                                                                   :
                                                                   :
-------------------------------------------------------------x

**PERTAINS TO ALL CASES**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------x
In re                                                              :
                                                                   :       **Chapter 11 Case No.**
**TL ADMINISTRATION CORPORATION,**                                 :
**et al. (f/k/a TWINLAB CORPORATION, et al.),**                    :       **03-15564 (RDD)**
                                                                   :
                                                                   :       **(Jointly Administered)**
                                      **Debtors.**                 :
-------------------------------------------------------------x

**BALLOT FOR CLASS 5**
**GENERAL UNSECURED CLAIMS OTHER THAN NOTEHOLDER CLAIMS**

---

Individualized information will be placed on each Ballot setting
forth the name and address of the claimholder, and the claim
amount such holder is entitled to vote against the Debtors.

---

TL Administration Corporation (f/k/a Twinlab Corporation) and certain of its direct and indirect subsidiaries, as debtors and debtors in possession (collectively, the "Debtors"), are soliciting votes with respect to the First Amended Joint Plan of Liquidation of TL Administration Corporation (f/k/a Twinlab Corporation), TL Administration Inc. (f/k/a Twin Laboratories Inc.), and TL Administration (UK) Ltd. (f/k/a Twin Laboratories (UK) Ltd.) Under Chapter 11 of the Bankruptcy Code, dated May 25, 2005 (as same may be amended, the "Plan"), from the holders of impaired claims in Class 5 under the Plan.

THIS BALLOT IS TO BE USED FOR VOTING BY HOLDERS OF CLASS 5 GENERAL UNSECURED CLAIMS OTHER THAN CLAIMS IN CONNECTION WITH THE DEBTORS' SENIOR SUBORDINATED NOTED DUE MAY 2006. FOR A VOTE TO COUNT, IT MUST BE RECEIVED BY THE VOTING AGENTS BEFORE THE VOTING DEADLINE OF 4:00 P.M., NEW YORK TIME, ON JULY 14, 2005.

**THE ABOVE-LISTED CLAIM AMOUNT WILL BE USED FOR VOTING PURPOSES ONLY AND WILL NOT BE DETERMINATIVE OF, OR OTHERWISE AFFECT, THE HOLDER'S CLAIM FOR PLAN TREATMENT OR DISTRIBUTION PURPOSES OR ANY OTHER CHAPTER 11 PURPOSES.**

**PLEASE COMPLETE THE FOLLOWING:**

**ITEM 1.     Amount of Claim.**  For purposes of voting to accept or reject the Plan, the undersigned holds a Class 5 General Unsecured Claim against the Debtors in the amount set forth above.

**ITEM 2.     Vote on the Plan.**  The undersigned holder of a Class 5 General Unsecured Claim set forth in Item 1 above hereby votes to:

Check one box:          ☐          Accept the Plan
                        ☐          Reject the Plan

**ITEM 3.     Acknowledgements and Certification.**  By signing this Ballot, the undersigned acknowledges that the undersigned has been provided with a copy of the First Amended Disclosure Statement for the Plan, dated May 25, 2005 (as same may be amended, the "Disclosure Statement"), including all exhibits thereto.  The undersigned certifies that (i) this Ballot is the only Ballot submitted for the General Unsecured Claim listed in Item 1, (ii) it has full power and authority to vote to accept or reject the Plan with respect to the General Unsecured Claim listed in Item 1, and (iii) it was the holder of the General Unsecured Claim listed in Item 1 on May 27, 2005.  The undersigned further acknowledges that the Debtors' solicitation of votes is subject to all terms and conditions set forth in the Disclosure Statement.

Print or Type Name of Claimant:_____

Social Security or Federal Tax I.D. No. of Claimant:_____

Signature:_____

If by Authorized Agent, Name and Title of Agent:_____

Name of Institution:_____

Street Address:_____

City, State, and Zip Code:_____

Telephone Number:_____

Date Completed:_____

**VOTING INSTRUCTIONS**
**FOR COMPLETING THE BALLOT FOR CLASS 5**
**GENERAL UNSECURED CLAIMS OTHER THAN NOTEHOLDER CLAIMS**

a.    This Ballot is submitted to you to solicit your vote to accept or reject the Plan, which is described in the Disclosure Statement. All capitalized terms used but not defined herein have the meanings ascribed to such terms in the Plan or the Disclosure Statement. **PLEASE READ THE PLAN AND THE DISCLOSURE STATEMENT CAREFULLY BEFORE COMPLETING THE BALLOT**.

b.    The Plan will be accepted by Class 5 if it is accepted by the holders of two-thirds in amount and more than one-half in number of claims in Class 5 voting on the Plan. If the Plan is confirmed by the Bankruptcy Court, all holders of interests in, and any and all other holders of claims against, the Debtors (including those who abstain or reject the Plan or are not entitled to vote thereon) will be bound by the confirmed Plan and the transactions contemplated thereby.

c.    To have your vote counted, you must complete, sign and return this Ballot so that it is received by the Voting Agents not later than 4:00 p.m., New York Time, on July 14, 2005, unless such time is extended in the sole discretion of the Debtors (the "Voting Deadline"). You may use the envelope provided or send the Ballot by mail, hand delivery or overnight courier to the Voting Agents at the following address:

**TL ADMINISTRATION CORPORATION (F/K/A TWINLAB CORPORATION)**
**c/o BSI - FBG**
**757 Third Avenue – 3rd Floor**
**New York, New York 10017**
**(646) 282-2500**

**Ballots will not be accepted by telecopy or facsimile transmission.**

d.    To properly complete the Ballot, you must follow the procedures described below:

    i.    make sure that the information required in Item 1 is correct;

    ii.    cast one vote to accept or reject the Plan by checking the appropriate box in Item 2;

    iii.    if you are completing this Ballot on behalf of another person or entity, indicate your relationship with such person or entity and the capacity in which you are signing and submit satisfactory evidence of your authority to so act (e.g., a power of attorney or a certified copy of board resolutions authorizing you to so act);

iv.     if you also hold claims in a Class other than Class 5, you may receive more than one Ballot, labeled for a different Class of claims. Your vote will be counted in determining acceptance or rejection of the Plan by a particular Class of claims only if you complete, sign and return the Ballot labeled for that Class of claims in accordance with the instructions on that Ballot;

v.      if you submit more than one Ballot voting the same claim prior to the Voting Deadline, then the last timely filed Ballot shall be counted;

vi.     if you believe that you have received the wrong Ballot, please contact the Voting Agents immediately;

vii.    sign and date your Ballot;

viii.   provide your name and mailing address; and

ix.     return your Ballot to the Voting Agents by using the enclosed pre-addressed return envelope and mailing it to the Voting Agents before the Voting Deadline of 4:00 p.m., New York Time, on July 14, 2005.

**ANY BALLOT WHICH IS EXECUTED AND RETURNED BUT WHICH (a) DOES NOT INDICATE AN ACCEPTANCE OR REJECTION OF THE PLAN OR (b) INDICATES BOTH AN ACCEPTANCE AND REJECTION OF THE PLAN, WILL NOT BE COUNTED.**

**IF A BALLOT IS DAMAGED OR LOST, FOR ADDITIONAL COPIES OF THE DISCLOSURE STATEMENT, OR FOR ANY QUESTIONS CONCERNING VOTING PROCEDURES, YOU MAY CONTACT THE VOTING AGENTS AT THE FOLLOWING ADDRESS AND TELEPHONE NUMBER:**

**TL ADMINISTRATION CORPORATION (F/K/A TWINLAB CORPORATION)**
**c/o BSI - FBG**
**757 Third Avenue – 3rd Floor**
**New York, New York 10017**
**(646) 282-2500**

# EXHIBIT C

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------x

In re                    :

                           :    04 MD 1598 (JSR)

EPHEDRA PRODUCTS LIABILITY  :

LITIGATION.                :

                           :

                           :

                           :

-------------------------------------------------------------x

PERTAINS TO ALL CASES

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------x

In re                    :

                           :    Chapter 11 Case No.

TL ADMINISTRATION CORPORATION,  :

et al. (f/k/a TWINLAB CORPORATION, et al.), :    03-15564 (RDD)

                           :

                           :    (Jointly Administered)

            Debtors.     :

-------------------------------------------------------------x

## BALLOT FOR CLASS 5 NOTEHOLDER CLAIMS

        TL Administration Corporation (f/k/a Twinlab Corporation) and certain of its direct and indirect subsidiaries, as debtors and debtors in possession (collectively, the "Debtors"), are soliciting votes with respect to the First Amended Joint Plan of Liquidation of TL Administration Corporation (f/k/a Twinlab Corporation), TL Administration Inc. (f/k/a Twin Laboratories Inc.), and TL Administration (UK) Ltd. (f/k/a Twin Laboratories (UK) Ltd.) Under Chapter 11 of the Bankruptcy Code, dated May 25, 2005 (as same may be amended, the "Plan"), from the holders of impaired Class 5 General Unsecured Claims in connection with the Debtors' senior subordinated notes (the "Notes") due May 2006 ("Noteholder Claims") under the Plan.

        **THIS BALLOT IS TO BE USED FOR VOTING BY HOLDERS OF CLASS 5 NOTEHOLDER CLAIMS. FOR A VOTE (OR THE MASTER BALLOT CAST ON ITS BEHALF) TO COUNT, THE VOTE MUST BE RECEIVED BY THE VOTING AGENTS BEFORE THE VOTING DEADLINE OF 4:00 P.M., NEW YORK TIME, ON JULY 14, 2005.**

        **IF THE RETURN ENVELOPE INCLUDED WITH YOUR SOLICITATION PACKAGE WAS ADDRESSED TO YOUR NOMINEE (AS DEFINED BELOW IN THE INSTRUCTIONS), PLEASE ALLOW ENOUGH TIME FOR YOUR NOMINEE TO SUBMIT YOUR VOTE ON A MASTER BALLOT.**

        **THE CLAIM AMOUNT LISTED BELOW WILL BE USED FOR VOTING PURPOSES ONLY AND WILL NOT BE DETERMINATIVE OF, OR OTHERWISE AFFECT,**

**THE HOLDER'S CLAIM FOR PLAN TREATMENT OR DISTRIBUTION PURPOSES OR ANY OTHER CHAPTER 11 PURPOSES.**

**PLEASE COMPLETE THE FOLLOWING:**

      **ITEM 1.**     **Face Amount of Notes.** The undersigned hereby certifies that as of May 27, 2005, the undersigned was the Beneficial Owner (or authorized signatory for a Beneficial Owner), or the Nominee of a Beneficial Owner, of Notes. Notes in the following aggregate unpaid face amount (insert amount in box below). If your Notes are held by a Nominee on your behalf and you do not know the face amount held, please contact your Nominee.

      Face Amount: $_____

      **ITEM 2.**     **Vote on the Plan.** The undersigned holder of a Class 5 Noteholder Claim set forth in Item 1 above hereby votes to:

<u>Check one box:</u>         ☐     Accept the Plan
                                  ☐     Reject the Plan

      **ITEM 3.**     **Certification as to Notes Held in Additional Accounts.** By completing and returning this Ballot, the beneficial owner certifies that either (1) it has not submitted any other Ballots for other Noteholder Claims held in other accounts or other record names or (2) it has provided the information specified in the following table for all other Noteholder Claims for which it has submitted additional Ballots, each of which indicates the same vote to accept or reject the Plan (please use additional sheets of paper if necessary):

**ONLY COMPLETE THIS SECTION IF YOU HAVE VOTED CLASS 5 BALLOTS OTHER THAN THIS BENEFICIAL OWNER BALLOT**

| Account Number | Name of Owner[1] | Face Amount of Other Class 5 Notes Voted |
|---|---|---|
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |

---

[1] Insert your name if the Notes are held by you in record name or, if held in street name, insert the name of your broker or bank.

**ITEM 4.** **Acknowledgements and Certification**.  By signing this Ballot, the undersigned acknowledges that the undersigned has been provided with a copy of the First Amended Disclosure Statement for Plan, dated May 25, 2005 (as same may be amended, the "Disclosure Statement"), including all exhibits thereto.  The undersigned certifies that (i) this Ballot is the only Ballot submitted by the undersigned for its General Unsecured Claim listed in Item 1, (ii) it has full power and authority to vote to accept or reject the Plan with respect to the General Unsecured Claim listed in Item 1, and (iii) it was the holder of the General Unsecured Claim listed in Item 1 on May 27, 2005.  The undersigned further acknowledges that the Debtors' solicitation of votes is subject to all terms and conditions set forth in the Disclosure Statement.

Print or Type Name of Claimant:_____

Social Security or Federal Tax I.D. No. of Claimant:_____

Signature:_____

If by Authorized Agent, Name and Title of Agent:_____

Name of Institution:_____

Street Address:_____

City, State, and Zip Code:_____

Telephone Number:_____

Date Completed:_____

## VOTING INSTRUCTIONS FOR COMPLETING
## THE BALLOT FOR CLASS 5 NOTEHOLDER CLAIMS

a.  This Ballot is submitted to you to solicit your vote to accept or reject the Plan, which is described in the Disclosure Statement. All capitalized terms used but not defined herein have the meanings ascribed to such terms in the Plan or the Disclosure Statement. **PLEASE READ THE PLAN AND THE DISCLOSURE STATEMENT CAREFULLY BEFORE COMPLETING THIS BALLOT**.

b.  The Plan will be accepted by Class 5 if it is accepted by the holders of two-thirds in amount and more than one-half in number of claims in Class 5 voting on the Plan. If the Plan is confirmed by the Bankruptcy Court, all holders of interests in, and any and all other holders of claims against, the Debtors (including those who abstain or reject the Plan or are not entitled to vote thereon) will be bound by the confirmed Plan and the transactions contemplated thereby.

c.  To have your vote counted, you must complete, sign and return this Ballot so that it is received not later than 4:00 p.m., New York Time, on July 14, 2005, unless such time is extended in the sole discretion of the Debtors (the "Voting Deadline").

   **IF THE RETURN ENVELOPE INCLUDED WITH YOUR SOLICITATION PACKAGE WAS ADDRESSED TO YOUR NOMINEE (AS DEFINED BELOW), PLEASE ALLOW ENOUGH TIME FOR YOUR NOMINEE TO SUBMIT YOUR VOTE ON A MASTER BALLOT (PLEASE SEE INSTRUCTION (x)(1), BELOW).**

   **The Voting Agents are:**

   **TL ADMINISTRATION CORPORATION (F/K/A TWINLAB CORPORATION)**
   **c/o BSI - FBG**
   **757 Third Avenue – 3rd Floor**
   **New York, New York 10017**
   **(646) 282-1800**

   **Ballots will not be accepted by telecopy or facsimile transmission.**

d.  To properly complete the Ballot, you must follow the procedures described below:

   i.  complete item 1;

   ii.  cast one vote to accept or reject the Plan by checking the appropriate box in Item 2;

   iii.  provide the information required by Item 3, if applicable to you;

   iv.  if you are completing this Ballot on behalf of another person or entity, indicate your relationship with such person or entity and the capacity in which you are signing and submit satisfactory evidence of your authority to so act (e.g., a power of attorney or a certified copy of board resolutions authorizing you to so act);

   v.  if you also hold claims in a Class other than Class 5, you may receive more than one Ballot, labeled for a different Class of claims. Your vote will be counted in determining acceptance or rejection of the Plan by a particular Class of claims only if you complete, sign and return the Ballot labeled for that Class of claims in accordance with the instructions on that Ballot;

vi.     if you submit more than one Ballot voting the same claim prior to the Voting Deadline, then the last timely filed Ballot shall be counted;

vii.    if you believe that you have received the wrong Ballot, please contact the Voting Agents immediately;

viii.   sign and date your Ballot;

ix.    provide your name and mailing address; and

x.    return your Ballot to the:

1. to the broker, bank, or other nominee; or as the agent of a broker, bank, or other nominee (each of the foregoing, a "Nominee"), if the Notes are held in "street name" through a Nominee (unless the ballot has already been signed, or "prevalidated," by the Nominee), by using the enclosed pre-addressed return envelope and mailing it in sufficient time for the Nominee to then forward your vote on a Master Ballot so as to be *received* by the Voting Agents before the Voting Deadline of 4:00 p.m., New York Time, on July 14, 2005. Any ballot submitted to a Nominee will not be counted until such Nominee properly completes and timely delivers a corresponding Master Ballot to the Voting Agents;

*OR*

2. to the Voting Agents, if your Ballot has already been signed (or "prevalidated") by your Nominee, by using the enclosed pre-addressed return envelope and mailing it to the Voting Agents before the Voting Deadline of 4:00 p.m., New York Time, on July 14, 2005.

**IF YOU HAVE BEEN INSTRUCTED TO RETURN YOUR BALLOT TO YOUR BANK, BROKER, OR OTHER NOMINEE, OR TO THEIR AGENT, YOU MUST RETURN YOUR BALLOT TO SUCH ENTITY IN SUFFICIENT TIME FOR IT TO BE PROCESSED AND RETURNED TO THE VOTING AGENTS BEFORE THE VOTING DEADLINE.**

**ANY BALLOT WHICH IS EXECUTED AND RETURNED BUT WHICH (a) DOES NOT INDICATE AN ACCEPTANCE OR REJECTION OF THE PLAN OR (b) INDICATES BOTH AN ACCEPTANCE AND REJECTION OF THE PLAN, WILL NOT BE COUNTED.**

**IF A BALLOT IS DAMAGED OR LOST, FOR ADDITIONAL COPIES OF THE DISCLOSURE STATEMENT, OR FOR ANY QUESTIONS CONCERNING VOTING PROCEDURES, YOU MAY CONTACT THE VOTING AGENTS AT THE FOLLOWING ADDRESS AND TELEPHONE NUMBER:**

**TL ADMINISTRATION CORPORATION (F/K/A TWINLAB CORPORATION)**
**c/o BSI - FBG**
**757 Third Avenue – 3rd Floor**
**New York, New York 10017**
**(646) 282-1800**

# EXHIBIT D

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
In re                                                          :
                                                               :      04 MD 1598 (JSR)
EPHEDRA PRODUCTS LIABILITY                                      :
LITIGATION.                                                     :
                                                               :
                                                               :
                                                               :
------------------------------------------------------------x

PERTAINS TO ALL CASES

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
In re                                                          :
                                                               :      Chapter 11 Case No.
TL ADMINISTRATION CORPORATION,                                 :
et al. (f/k/a TWINLAB CORPORATION, et al.),                    :      03-15564 (RDD)
                                                               :
                                                               :      (Jointly Administered)
                                  Debtors.                     :
------------------------------------------------------------x

## MASTER BALLOT FOR CLASS 5 NOTEHOLDER CLAIMS

   TL Administration Corporation (f/k/a Twinlab Corporation) and certain of its direct and indirect subsidiaries, as debtors and debtors in possession (collectively, the "Debtors"), are soliciting votes with respect to the First Amended Joint Plan of Liquidation of TL Administration Corporation (f/k/a Twinlab Corporation), TL Administration Inc. (f/k/a Twin Laboratories Inc.), and TL Administration (UK) Ltd. (f/k/a Twin Laboratories (UK) Ltd.) Under Chapter 11 of the Bankruptcy Code, dated May 25, 2005 (as same may be amended, the "Plan"), from the holders ("Noteholders") of impaired Class 5 General Unsecured Claims in connection with the Debtors senior subordinated notes ("Notes") due May 2006 (the "Noteholder Claims") under the Plan.

   **THIS MASTER BALLOT IS TO BE USED BY YOU AS A BROKER, BANK, OR OTHER NOMINEE OF NOTEHOLDERS; OR AS THE AGENT OF A BROKER, BANK, OR OTHER NOMINEE (EACH OF THE FOREGOING, A "NOMINEE"); OR AS THE PROXY HOLDER OF A NOMINEE OR NOTEHOLDER TO TRANSMIT TO THE VOTING AGENTS THE VOTES OF SUCH BENEFICIAL HOLDERS IN RESPECT OF THEIR CLASS 5 NOTEHOLDER CLAIMS TO ACCEPT OR REJECT THE PLAN. FOR THE VOTES OF THE BENEFICIAL OWNERS TO COUNT, THIS MASTER BALLOT MUST BE RECEIVED BY THE VOTING AGENTS BEFORE THE VOTING DEADLINE OF 4:00 P.M., NEW YORK TIME, ON JULY 14, 2005.**

**PLEASE COMPLETE THE FOLLOWING:**

ITEM 1.        **Certification of Authority to Vote.**  The undersigned certifies that as of the May 27, 2005 (the "Record Date"), the undersigned  (please check appropriate box):

☐        Is a broker, bank or other nominee for the Class 5 Noteholder Claims listed in Item 2 below, and is the registered holder of such securities, or

☐        Is acting under a power of attorney and/or agency (a copy of which will be provided upon request) granted by a broker, bank or other nominee that is the holder of the Class 5 Noteholder Claims listed in Item 2 below, or

☐        Has been granted a proxy (an original of which is annexed hereto) from a broker, bank or other nominee, or a Noteholder, that is the registered holder of the Class 5 Noteholder Claim listed in Item 2 below,

and accordingly, has full power and authority to vote to accept or reject the Plan, on behalf of the Class 5 Noteholder Claim described in Item 2.

ITEM 2.        **Claim Holder Information.**  The undersigned certifies that the schedule set forth below is an accurate listing of the Class 5 Noteholder Claims that have delivered voting instructions to the undersigned voting to accept or reject the Plan.  (Please complete the beneficial owner summary schedule set forth below.  Attach additional schedules as needed.)

### GENERAL UNSECURED CLAIMS OF NOTEHOLDERS SUMMARY

| Customer Name or Account No. for Each Noteholder Claim | Face Amount of Class 5 Notes Accepting the Plan | Face Amount of Class 5 Notes Rejecting the Plan |
|---|---|---|
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
| TOTALS: |  |  |

**ITEM 3.** **Certification as to Transcription of Information from Item 3 of Beneficial Owner Ballot.** The undersigned certifies that the undersigned has transcribed in the following table the information, if any, provided by beneficial owners in Item 3 of the beneficial owner's original Ballot, identifying any Notes for which such beneficial owners have submitted other Ballots:

| YOUR Account number for each account that completed Item 3 of the Class 5 Ballot | TRANSCRIBE FROM BALLOT FOR CLASS 5 NOTEHOLDER CLAIMS | | |
|---|---|---|---|
| | Account Number | Name of Owner | Face Amount of Other Class 5 Notes Voted |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |

By signing this Master Ballot, the undersigned certifies that each Noteholder holding a Class 5 Noteholder Claim listed in Item 2 above, has been provided with a copy of the Disclosure Statement, including the exhibits thereto, and acknowledges that the solicitation of votes for the Plan is subject to all the terms and conditions set forth in the Disclosure Statement.

Name of Broker, Bank or other Nominee:

_____
(Print or Type)

Participant Number:

_____
(Print or Type)

Name of Proxy Holder or Agent for Broker, Bank or Other Nominee (if applicable):

_____
(Print or Type)

Social Security or
Federal Tax I.D. No.:_____

Signature:_____

By:_____
(If Appropriate)

Title:_____
(If Appropriate)

Street Address:_____

City, State, Zip Code:_____

Telephone Number: (___)_____
(Including Area Code)

Date Completed:_____

**INSTRUCTIONS FOR COMPLETING THE**
**MASTER BALLOT FOR CLASS 5 NOTEHOLDER CLAIMS**

a.      To have the vote of the Noteholders for whom you act as nominee count, you must complete, sign and return this Master Ballot so that it is received by the Voting Agents not later than 4:00 p.m., New York Time, on July 14, 2005, unless such time is extended in the sole discretion of the Debtors (the "Voting Deadline").  You may use the envelope provided or send the Ballot by mail, hand delivery or overnight courier to the Voting Agents at the following address:

**TL ADMINISTRATION CORPORATION (F/K/A TWINLAB CORPORATION)**
**c/o BSI - FBG**
**757 Third Avenue – 3rd Floor**
**New York, New York 10017**
**(646) 282-1800**

**Master Ballots will not be accepted by telecopy or facsimile transmission.**

b.      **How to Vote.**  If you are the Noteholder and you wish to vote such Class 5 Noteholder Claim, you may complete, execute and return to the Voting Agents either a Ballot for Class 5 Noteholder Claims or a Master Ballot for Class 5 Noteholder Claims.  **If you are transmitting the votes of any Class 5 Noteholder Claims other than yourself, you may either:**

        i.    Complete and execute the Ballot for Class 5 Noteholder Claims (other than Item 2 and 3) and deliver to the beneficial owner such "prevalidated" Ballot for Class 5 Noteholder Claims, along with the Disclosure Statement and other materials requested to be forwarded.  The beneficial owner should complete Item 2 of that Ballot and return the completed Ballot to the Voting Agents so that it will be received before the Voting Deadline;

**OR**

        ii.    For any Ballots for Class 5 Noteholder Claims you do not "prevalidate": Deliver the Ballot for Class 5 Noteholder Claims to the beneficial owner, along with the Disclosure Statement and other materials requested to be forwarded, and take the necessary action to enable such beneficial owner to complete and execute such Ballot voting to accept or reject the Plan, return the completed, executed Ballot to you in sufficient time to enable you to complete the Master Ballot and deliver it to the Voting Agents before the Voting Deadline; and

With respect to all Ballots for Class 5 Noteholder Claims returned to you, you must properly complete the Master Ballot, as follows:

 i. check the appropriate box in Item 1 on the Master Ballot;

 ii. indicate the votes to accept or reject the Plan in Item 2 of the Master Ballot, as transmitted to you by the Noteholders. To identify such beneficial owners without disclosing their names, please use the customer account number assigned by you to each such beneficial owner, or if no such customer account number exists, please assign a number to each account (making sure to retain a separate list of each beneficial owner and the assigned number). IMPORTANT: EACH NOTEHOLDER MUST VOTE ALL HIS, HER OR ITS CLASS 5 NOTEHOLDER CLAIMS EITHER TO ACCEPT OR REJECT THE PLAN, AND MAY NOT SPLIT ITS VOTES. IF ANY NOTEHOLDER HAS ATTEMPTED TO SPLIT SUCH VOTE, PLEASE CONTACT THE VOTING AGENTS IMMEDIATELY. Any Ballot or Master Ballot that is signed, dated and timely received, but does not indicate acceptance or rejection of the Plan will not be counted for purposes of voting on the Plan;

 iii. review the certifications in Item 3 of the Master Ballot;

 iv. sign and date the Master Ballot, and provide the remaining information requested;

 v. if additional space is required to respond to any item on the Master Ballot, please use additional sheets of paper clearly marked to indicate the applicable Item of the Master Ballot to which you are responding;

 vi. contact the Voting Agents if you need any additional information; and

 vii. deliver the completed, executed Master Ballot so as to be received by the Voting Agents before the Voting Deadline. For each completed, executed Ballot for Class 5 Noteholder Claims returned to you by a Noteholder, either forward such Ballot (along with your Master Ballot) to the Voting Agents or retain such Ballot in your files for one year from the Voting Deadline.

c. **PLEASE NOTE.**

        i. This Master Ballot is *not* a letter of transmittal and may *not* be used for any purpose other than to cast votes to accept or reject the Plan. Holders should not surrender, at this time, certificates representing their securities. Neither the Debtors nor the Voting Agents will accept delivery of any such certificates surrendered together with this Master Ballot.

        ii. No Ballot or Master Ballot shall constitute or be deemed a proof of claim or an assertion of a claim.

        iii. No fees, commissions, or other remuneration will be payable to any broker, dealer, or other person for soliciting votes on the plan. We will, however, reimburse you for customary mailing and handling expenses incurred by you in forwarding the Ballots and other enclosed materials to the Class 5 Noteholder Claims held by you as a nominee or in a fiduciary capacity. We also will pay all transfer taxes, if any, applicable to the transfer and exchange of your securities pursuant to and following confirmation of the Plan.

**NOTHING CONTAINED HEREIN OR IN THE ENCLOSED DOCUMENTS SHALL RENDER YOU OR ANY OTHER PERSON THE AGENT OF THE DEBTORS OR THE VOTING AGENTS, OR AUTHORIZE YOU OR ANY OTHER PERSON TO USE ANY DOCUMENT OR MAKE ANY STATEMENTS ON BEHALF OF ANY OF THEM WITH RESPECT TO THE PLAN, EXCEPT FOR THE STATEMENTS CONTAINED IN THE ENCLOSED DOCUMENTS.**

**ANY BALLOT WHICH IS EXECUTED AND RETURNED BUT WHICH (a) DOES NOT INDICATE AN ACCEPTANCE OR REJECTION OF THE PLAN OR (b) INDICATES BOTH AN ACCEPTANCE AND REJECTION OF THE PLAN, WILL NOT BE COUNTED.**

**IF A BALLOT IS DAMAGED OR LOST, FOR ADDITIONAL COPIES OF THE DISCLOSURE STATEMENT, OF FOR ANY QUESTIONS CONCERNING VOTING PROCEDURES, YOU MAY CONTACT THE VOTING AGENTS AT THE FOLLOWING ADDRESS AND TELEPHONE NUMBER:**

**TL ADMINISTRATION CORPORATION (F/K/A TWINLAB CORPORATION)**
**c/o BSI - FBG**
**757 Third Avenue – 3rd Floor**
**New York, New York 10017**
**(646) 282-1800**

# EXHIBIT  E

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------------x
**In re**                          :

                               :      **04 MD 1598 (JSR)**

**EPHEDRA PRODUCTS LIABILITY**     :
**LITIGATION.**                     :

                               :

                               :

                               :
-----------------------------------------------------------x

**PERTAINS TO ALL CASES**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------------x
**In re**                          :

                               :      **Chapter 11 Case No.**

**TL ADMINISTRATION CORPORATION,**   :
**et al. (f/k/a TWINLAB CORPORATION, et al.),** :     **03-15564 (RDD)**

                               :

                               :     **(Jointly Administered)**

                    **Debtors.**        :
-----------------------------------------------------------x

### NOTICE OF ORDER (I) APPROVING DEBTORS' FIRST AMENDED DISCLOSURE STATEMENT, (II) ESTABLISHING RECORD HOLDER DATE, (III) APPROVING SOLICITATION PROCEDURES, FORMS OF BALLOTS, AND MANNER OF NOTICE, AND (IV) FIXING DATE, TIME AND PLACE FOR CONFIRMATION HEARING IN RESPECT OF CONFIRMATION OF THE DEBTORS' FIRST AMENDED JOINT PLAN OF LIQUIDATION AND DEADLINE FOR FILING OBJECTIONS THERETO

**TO ALL CREDITORS, EQUITY INTEREST HOLDERS AND PARTIES IN INTEREST, PLEASE TAKE NOTICE THAT:**

1.     On **[_____]**, 2005, the Bankruptcy Court approved the First Amended Disclosure Statement for the First Amended Joint Plan of Liquidation of TL Administration Corporation (f/k/a Twinlab Corporation), TL Administration Inc. (f/k/a Twin Laboratories Inc.), and TL Administration (UK) Ltd. (f/k/a Twin Laboratories (UK) Ltd.) Under Chapter 11 of the Bankruptcy Code, dated May 25, 2005 (as same may be amended, the "Disclosure Statement"), filed by TL Administration Corporation (f/k/a Twinlab Corporation) and certain of its direct and indirect subsidiaries, as debtors and debtors in possession (collectively, the "Debtors"), as containing adequate information within the meaning of section 1125 of the Bankruptcy Code. Capitalized terms used herein but not defined have the meaning ascribed to such terms in the Plan.

2. All persons and entities (except beneficial owners of the Debtors' senior subordinated notes due May 2006 in street name, who may be returning ballots to their nominee) entitled to vote on the First Amended Joint Plan of Liquidation of TL Administration Corporation (f/k/a Twinlab Corporation), TL Administration Inc. (f/k/a Twin Laboratories Inc.), and TL Administration (UK) Ltd. (f/k/a Twin Laboratories (UK) Ltd.) Under Chapter 11 of the Bankruptcy Code, dated May 25, 2005 (as same may be amended, the "Plan"), shall deliver their Ballots by mail, hand delivery or overnight courier no later than 4:00 p.m., New York Time, on July 14, 2005 (the "Voting Deadline") to the Voting Agents at:

**TL ADMINISTRATION CORPORATION (F/K/A TWINLAB CORPORATION)**
**c/o BSI - FBG**
**757 Third Avenue – 3rd Floor**
**New York, New York 10017**
**(646) 282-2500**

3. The Debtors have the ability to extend the Voting Deadline at their sole discretion.

4. For voting purposes, May 27, 2005 shall be the "Record Date" for the holders of such claims and interests.

5. The Debtors are mailing the Solicitation Packages, as defined in the Order, to holders of Claims, as of the Record Holder Date, in the voting Classes.

6. With respect to Ballots submitted by a holder of a Claim:

   a. whenever a creditor casts more than one Ballot voting the same Claim(s) before the Voting Deadline, the last Ballot received before the Voting Deadline shall be counted;

   b. creditors may not split their vote within a Class; thus each creditor shall vote all of its Claim within a particular Class either to accept or reject the Plan;

   c. any Ballot which is otherwise properly completed, executed and timely returned to the Voting Agents that does not indicate an acceptance or rejection of the Plan, or that indicates both an acceptance and rejection of the Plan shall not be counted;

   d. any Ballot received after the Voting Deadline unless the Debtors shall have granted in writing an extension shall not be counted;

   e. any Ballot that is illegible or contains insufficient information to permit identification of the claimant shall not be counted;

   f. any Ballot cast by a person that does not hold a Claim in a Class that is entitled to vote to accept or reject the Plan shall not be counted;

   g. any Ballot which is returned unsigned shall not be counted; and

   h. any Ballot transmitted to the Debtors' Voting Agents by facsimile or other electronic means shall not be counted.

7. **Please take notice that the Disclosure Statement describes, and the Plan includes, the following releases:**

   a. <u>Releases of the Settling Third Parties</u>. On the Effective Date, the Debtors, the Creditors Committee, the Ephedra Claimants Committee, and all Creditors, for themselves, their successors and assigns, and the Estates, shall fully, finally, and irrevocably release and forever discharge the Released Parties (listed on Exhibit A hereto) of and from any and all past, present, and future claims, rights, actions, demands, injuries, damages, compensation, or Causes of Action of whatsoever kind or nature, arising out of or otherwise relating to the manufacture, marketing, sale, distribution, fabrication, advertising, supply, production, use, or ingestion of ephedra or ephedra-containing products designed, manufactured, fabricated, sold, supplied, produced, or distributed by one or more of the Debtors, whether foreseen or unforeseen, known or unknown, contingent or actual, liquidated or unliquidated, whether in tort or contract, whether statutory or at common law (including, without limitation, claims under section 506(c) of the Bankruptcy Code) which they have or may have as of the Confirmation Date, arising from the beginning of the world up to the Confirmation Date, <u>provided</u>, <u>however</u>, that such release does not include claims against the Settling Third Parties (as defined in Exhibit A hereto) in connection with the Pre-2002 Ephedra PI Claims; <u>provided</u>, <u>further</u>, that such release does limit the liability of GNC Oldco, Inc. (f/k/a General Nutrition Companies, Inc.) and its affiliates and assigns, and their insurer, Zurich American Insurance Company (collectively, "<u>GNC</u>"), in each of the Pre-2002 Ephedra PI Claims to the proceeds of the Debtors' applicable insurance policy or policies and further limits the recovery of any holder of a Pre-2002 Ephedra PI Claim solely to such insurance proceeds in connection with any claim against GNC.

   b. <u>Releases of the Blechmans</u>. On the Effective Date, the Debtors, the Creditors Committee, the Ephedra Claimants Committee, and all Creditors, for themselves, their successors and assigns, the Estates, and any person claiming by, through, or under any of the foregoing will fully, finally, and irrevocably release and forever discharge Brian Blechman, Dean Blechman, Neil Blechman, Steve Blechman, Ross Blechman, Robin Blechman, Sharon Blechman, Helena Blechman, Linda Blechman, and Elyse Blechman (collectively, the "Blechmans") of and from any and all claims, rights, actions, demands, injuries, damages, compensation, or Causes of Action of every kind and nature, whether foreseen or unforeseen, known or unknown, contingent or actual, liquidated or unliquidated, whether in tort or contract, whether statutory or at common law (including, without limitation, claims under section 506(c) of the Bankruptcy Code and any and all claims of creditors or shareholders of the Debtors) (i) asserted or that might have been asserted in the Committee Action or the Declaratory Judgment Complaint, (ii) arising out of or related to the facts and circumstances alleged in the Committee or Declaratory Judgment Complaint, (iii) arising from all alleged acts or omissions of every kind, nature, and description by any of the Blechmans arising out of their management of the Debtors or related to any of the Debtors, or (iv) based on allegations of product

liability, personal injury (whether physical, emotional, or otherwise), wrongful death, or other statutory claims relating to products manufactured, fabricated, supplied, advertised, marketed, distributed, and/or sold by the Debtors) which they have or may have as of the Confirmation Date relating to the Debtors, arising from the beginning of the world up to the Confirmation Date).

8. Please take notice that the Disclosure Statement describes, and the Plan includes, the following injunctions against third parties:

All Entities who have held, hold, or may hold Claims against or Equity Interests in any or all of the Debtors and other parties in interest, along with their respective present or former employees, agents, officers, directors, or principals, are permanently enjoined, on and after the Effective Date, with respect to all Claims against, and Equity Interests in, any of the Debtors from:

  a. commencing, conducting, or continuing in any manner, directly or indirectly, any Cause of Action or other proceeding of any kind against or affecting the Debtors, the Estates, the Plan Administrator, the Ephedra Personal Injury Trust, the Ephedra Personal Injury Trustee, Ideasphere, the Released Parties, the Blechmans, or the property of any of the foregoing;

  b. enforcing, levying, attaching (including, without limitation, any prejudgment attachment), collecting, or otherwise recovering by any manner or means, whether directly or indirectly, any judgment, award, decree, or order against the Debtors, the Estates, the Plan Administrator, the Ephedra Personal Injury Trust, the Ephedra Personal Injury Trustee, Ideasphere, the Released Parties, the Blechmans, or the property of any of the foregoing;

  c. creating, perfecting, or otherwise enforcing in any manner, directly or indirectly, any encumbrance of any kind against the Debtors, the Estates, the Plan Administrator, the Ephedra Personal Injury Trust, the Ephedra Personal Injury Trustee, Ideasphere, the Released Parties, the Blechmans, or against the property or interests in property of the Debtors;

  d. asserting any right of setoff, directly or indirectly, against any obligation due the Debtors, the Estates, the Plan Administrator, the Ephedra Personal Injury Trust, the Ephedra Personal Injury Trustee, Ideasphere, the Released Parties, the Blechmans, or any of the property of the foregoing, except as contemplated or allowed by the Plan;

  e. acting or proceeding in any manner, in any place whatsoever, that does not conform to or comply with the provisions of the Plan;

  f. commencing, continuing or asserting in any manner any Cause of Action or other proceeding of any kind with respect to any Claims and Causes of Action which are extinguished or released pursuant to the Plan, and

  g. taking any actions to interfere with the implementation or consummation of the Plan.

**All persons will be permanently enjoined, on and after the Effective Date, from asserting any Claim (i) which is released by such person under the Plan or (ii) for which the party against whom the Claim is being asserted has received exculpation under the Plan.**

9. The hearing on confirmation of the Plan is scheduled for July 21, 2005 at 2:00 p.m. New York Time, in Courtroom 14-B, United States District Court for the Southern District of New York, 500 Pearl Street, New York, New York. This hearing may be adjourned from time to time without further notice other than an announcement of the adjourned date(s) at the hearing and at any adjourned hearing(s).

10. Any objection to confirmation of the Plan (i) must be in writing, (ii) must state the name and address of the objecting party and the amount of its claims or the nature of its interest, (iii) must state, with particularity, the nature of its objection, (iv) must be filed with the Clerk of the Bankruptcy Court (with a hard copy delivered directly to the chambers of the Honorable Jed S. Rakoff, United States District Judge, Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, Room 1340, New York, New York 10007-1312, and the chambers of the Honorable Robert D. Drain, United States Bankruptcy Judge, United States Bankruptcy Court for the Southern District of New York, One Bowling Green, New York, New York 10004-1408), together with proof of service and (v) must be served on (i) Weil, Gotshal & Manges LLP, Attorneys for Debtors and Debtors in Possession, 767 Fifth Avenue, New York, New York 10153, Attention: Michael P. Kessler, Esq.; (ii) the Office of the United States Trustee for the Southern District of New York, 33 Whitehall Street, 21st Floor, New York, New York 10004, Attention: Deirdre A. Martini, Esq. and Richard Morrissey, Esq.; (iii) Kaye Scholer, LLP, attorneys for the General Unsecured Creditors Committee, 425 Park Avenue, New York, New York 10022, Attention: Richard G. Smolev, Esq., (iv) Brown Rudnick Berlack Israels LLP, attorneys for the Official Committee of Ephedra Claimants, Seven Times Square, New York, New York 10036, Attention: David Molton, Esq., so as to be received on or before 4:00 p.m., New York Time, on July 14, 2005. **Any confirmation objection not filed and served as set forth herein shall be deemed waived and may not be considered by the Bankruptcy Court.**

Dated: [_____], 2005
New York, New York

_____
Michael P. Kessler, Esq. (MPK 7134)
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, NY 10153-0119
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Debtors and
 Debtors In Possession

# EXHIBIT A – RELEASED PARTIES

The following "Settling Third Parties" and any current or former employee, agent, representative, officer, director, member, partner, manager, accountant, attorney, financial advisor, other professional, successor, and assign of any such Settling Third Party, and any individual, corporation, partnership, limited liability company, association, joint stock company, joint venture, estate, trust, unincorporated organization, or government or any political subdivision thereof, or other person or entity claimed to be liable derivatively through any of the foregoing:

1. Academy, Ltd.
2. Albertsons Inc., and/or its subsidiaries, including but not limited to Sav-On Drug Stores, Inc.
3. American International Specialty Lines Insurance Company, and any other company corporately affiliated with the American International Group ("AIG") (except to the extent that AIG provides insurance to Debtors or Settling Third Party in the Pre-2002 Ephedra PI Cases listed on Exhibit C)
4. Apollo Management, L.P.
5. Bob O'Leary Health Food Distributor Co., Inc.
6. Contract Pharmacal
7. Europa Sports Products, Inc.
8. Evergood Products Corporation
9. Franchising Oldco, Inc.
10. GN OLDCO Corporation (f/k/a General Nutrition Corporation)
11. GNI OLDCO, Inc.
12. GNCI OLDCO, Inc. (f/k/a General Nutrition Companies, Inc.)
13. General Nutrition Center International, Inc.
14. General Nutrition Centers, Inc.
15. General Nutrition Companies, Inc.
16. General Nutrition Corporation
17. General Nutrition Distribution, L.P.
18. General Nutrition Distribution Company
19. General Nutrition Center Store #105199
20. General Nutrition Center Store #100340
21. General Nutrition Center Store #106742
22. General Nutrition Food Products, Inc.
23. General Nutrition Franchising, Inc. (on its own behalf and on behalf of all of its stores and franchisees)
24. General Nutrition, Inc.
25. General Nutrition, Incorporated
26. GNC Corporation
27. GNC Franchising, Inc.
28. H.E.B. Food Stores, Inc.
29. H.E.B., Inc.
30. H.E. Butt Grocery Company
31. HEB Grocery Company, L.P.
32. MET-Rx USA, Inc.
33. MU Oldco, Inc.
34. Muscletech Research & Development, Inc.
35. Nature Food Centres, Inc.
36. Navarro Discount Pharmacies, Inc.
37. NBTY, Inc.
38. NFC, Inc., a/k/a Nature Food Centres, Inc.
39. NMU Oldco, Inc.
40. Numico USA, Inc.
41. Nutricia USA
42. Nutricia USA, Inc.
43. Nutrition USA, Inc.
44. 103rd Street Family Center #105199
45. Pharr Gym
46. Phoenix Laboratories, Inc.
47. Rexall Sundown, Inc.
48. Richardson Labs, Inc.
49. R.S. OLDCO, Inc. (f/k/a Rexall Sundown, Inc.)
50. R.L. OLDCO, Inc. (f/k/a Richardson Labs, Inc.)
51. Royal Numico NV
52. Sav-On Drug Stores, Inc.
53. Styrka Botanics Co., Inc.
54. Summit Sports Club
55. 21st Century Laboratories, Inc.
56. Walgreen Co. and each of its subsidiaries
57. Wal-Mart Stores East, LP
58. Wal-Mart Stores, Inc.
59. Zurich American Insurance Company

# EXHIBIT  F

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------x

In re                                                      :
                                                           :      04 MD 1598 (JSR)
EPHEDRA PRODUCTS LIABILITY                                 :
LITIGATION.                                                :
                                                           :
                                                           :
                                                           :
---------------------------------------------------------------x

PERTAINS TO ALL CASES

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------x

In re                                                      :
                                                           :      Chapter 11 Case No.
TL ADMINISTRATION CORPORATION,                             :
et al. (f/k/a TWINLAB CORPORATION, et al.),                :      03-15564 (RDD)
                                                           :
                                                           :      (Jointly Administered)
                              Debtors.                     :
---------------------------------------------------------------x

### NOTICE OF NON-VOTING STATUS FOR FIRST AMENDED JOINT PLAN OF LIQUIDATION OF TL ADMINISTRATION CORPORATION (F/K/A TWINLAB CORPORATION), TL ADMINISTRATION, INC. (F/K/A TWIN LABORATORIES INC.) AND TL ADMINISTRATION (UK) LTD. (F/K/A TWIN LABORATORIES (UK) LTD.) UNDER CHAPTER 11 OF THE BANKRUPTCY CODE

**TO HOLDERS OF CLASS 1 SECURED CLAIMS, CLASS 2 PRIORITY NON-TAX CLAIMS, AND CLASS 3 PRE-2002 EPHEDRA PI CLAIMS, PLEASE TAKE NOTICE THAT:**

1.  On May 25, 2005, TL Administration Corporation (f/k/a Twinlab Corporation) and certain of its direct and indirect subsidiaries, as debtors and debtors in possession (collectively, the "Debtors"), filed the First Amended Joint Plan of Liquidation of TL Administration Corporation (f/k/a Twinlab Corporation), TL Administration Inc. (f/k/a Twin Laboratories Inc.), and TL Administration (UK) Ltd. (f/k/a Twin Laboratories (UK) Ltd.) Under Chapter 11 of the Bankruptcy Code (as same may be amended, the "Plan") and the First Amended Disclosure Statement for the First Amended Joint Plan of Liquidation of TL Administration Corporation (f/k/a Twinlab Corporation), TL Administration Inc. (f/k/a Twin Laboratories Inc.), and TL Administration (UK) Ltd. (f/k/a Twin Laboratories (UK) Ltd.) Under Chapter 11 of the Bankruptcy Code (as same may be amended, the "Disclosure Statement"). On

[_____], 2005, the Bankruptcy Court[1] approved the Disclosure Statement as containing adequate information within the meaning of section 1125 of title 11 of the United States Code (the "Bankruptcy Code").

2. **IF YOU HOLD A CLASS 1 SECURED CLAIM**, the Plan provides as follows:  Except to the extent that the holder of an Allowed Secured Claim agrees to less favorable treatment or that such Allowed Secured Claim has previously been satisfied by the Debtors, on the later of the Effective Date or the date such Secured Claim becomes an Allowed Secured Claim, or as soon thereafter as is reasonably practicable, each holder of an Allowed Secured Claim shall receive, at the option of the Debtors, and in full satisfaction of such Claim, either (i) Cash in an amount equal to one hundred percent (100%) of the unpaid amount of such Allowed Secured Claim, (ii) the proceeds of the sale or disposition of the Collateral securing such Allowed Secured Claim to the extent of the value of the holder's secured interest in the Allowed Secured Claim, net of the costs of disposition of such Collateral, (iii) the Collateral securing such Allowed Secured Claim, (iv) treatment that leaves unaltered the legal, equitable, and contractual rights to which the holder of such Allowed Secured Claim is entitled, or (v) such other distribution and/or treatment as necessary to satisfy the requirements of the Bankruptcy Code for classifying a Class of secured Claims as unimpaired.  In the event the Debtors treat a Claim under clause (i) or (ii) of this Section, the liens securing such Secured Claim shall be deemed released. **AS A HOLDER OF AN UNIMPAIRED CLAIM UNDER THE PLAN, YOU ARE DEEMED TO HAVE ACCEPTED THE PLAN PURSUANT TO SECTION 1126(f) OF THE BANKRUPTCY CODE AND ARE NOT ENTITLED TO VOTE TO ACCEPT OR REJECT THE PLAN.**

3. **IF YOU HOLD A CLASS 2 PRIORITY NON-TAX CLAIM**, the Plan provides as follows:  Except to the extent that a holder of an Allowed Priority Non-Tax Claim agrees to a different treatment of such Claim, on the later of the Effective Date and the date such Priority Non-Tax Claim becomes an Allowed Priority Non-Tax Claim, or as soon thereafter as is reasonably practicable, each holder of an Allowed Priority Non-Tax Claim shall receive, in full satisfaction of such Claim, an amount in Cash equal to the Allowed amount of such Priority Non-Tax Claim. **AS A HOLDER OF AN UNIMPAIRED CLAIM UNDER THE PLAN, YOU ARE DEEMED TO HAVE ACCEPTED THE PLAN PURSUANT TO SECTION 1126(f) OF THE BANKRUPTCY CODE AND ARE NOT ENTITLED TO VOTE TO ACCEPT OR REJECT THE PLAN.**

4. **IF YOU HOLD A CLASS 3 PRE-2002 EPHEDRA PI CLAIM**, the Plan provides as follows:  Subject to the following, each Pre-2002 Ephedra PI Claim shall be satisfied in full in the ordinary course of business from the proceeds of the Debtors' applicable insurance policy or policies, as the case may be, at such time as such Pre-2002 Ephedra PI Claim becomes an Allowed Claim.  All Pre-2002 Ephedra PI Claims are Disputed Claims and shall be determined, resolved, or adjudicated, as the case may be, in a manner as if the Chapter 11 Cases had not been commenced and shall survive the Effective Date as if the Chapter 11

---

[1] Capitalized terms used herein but not defined have the meaning ascribed to such terms in the Plan.

Cases had not been commenced. Upon the determination, resolution or adjudication of any such Claim as provided herein, such Claim shall be deemed to be an Allowed Pre-2002 Ephedra PI Claim, in the amount or in the manner determined by a Final Order or by a binding award, agreement or settlement; provided, however, that in addition to the Debtors' preservation of all rights and defenses respecting any Pre-2002 Ephedra PI Claim that exist under applicable non-bankruptcy law, (i) any rejection, avoidance, recovery, or other power or defense available to the Debtors under sections 365, 510 (except subordination), 542, 543, 544, 545, 547, 548, 549, 550, 533 or 724 of the Bankruptcy Code is preserved, and (ii) the Debtors may object under section 502 of the Bankruptcy Code to any Pre-2002 Ephedra PI Claim on the ground that (A) such Pre-2002 Ephedra PI Claim was not timely asserted in the Chapter 11 Cases, (B) such Pre-2002 Ephedra PI Claim is subject to any power or defense reserved in clause (i) of this sentence and/or is disallowable under section 502(d) of the Bankruptcy Code, or (C) such Pre-2002 Ephedra PI Claim is disallowable under section 502(e) of the Bankruptcy Code, to the extent that such section is relied on to ensure that there is no duplication in the Claim of an allegedly subrogated claim, on the one hand, and the underlying claimant whose Claim allegedly gave rise to the subrogated claim, on the other. Subject to the foregoing, all Pre-2002 Ephedra PI Claims shall be determined and liquidated under applicable non-bankruptcy law in the administrative or judicial tribunal in which they are pending as of the Effective Date, or if no such action is pending on the Effective Date, in any administrative or judicial tribunal of appropriate jurisdiction. To effectuate the foregoing, the entry of the Confirmation Order shall, effective as of the Effective Date, constitute a modification of any stay or injunction under the Bankruptcy Code that would otherwise preclude the determination, resolution or adjudication of any Pre-2002 Ephedra PI Claim. Nothing contained in this Section will constitute or be deemed to constitute a waiver or release of any (i) claim, right or Cause of Action that the Debtors may have against any Entity in connection with or arising out of any Pre-2002 Ephedra PI Claim, including, but not limited to, any rights under section 157(b) of title 28, United States Code, or (ii) defense in any action or proceeding in any administrative or judicial tribunal, including, but not limited to, with respect to the jurisdiction of such administrative or judicial tribunal, except a defense to a Claim that was timely asserted in the Chapter 11 Cases and that constitutes a Pre-2002 Ephedra PI Claim where such defense is based on the discharge of section 1141(d) of the Bankruptcy Code or any release, discharge, or injunction contained in this Plan or the Confirmation Order. Further, nothing contained in the Plan shall affect the rights of any Settling Third Party (as that term is defined in the Plan) to coverage under the Debtors' applicable insurance policy or policies with respect to the Pre-2002 Ephedra PI Claims. **AS A HOLDER OF AN UNIMPAIRED CLAIM UNDER THE PLAN, YOU ARE DEEMED TO HAVE ACCEPTED THE PLAN PURSUANT TO SECTION 1126(f) OF THE BANKRUPTCY CODE AND ARE NOT ENTITLED TO VOTE TO ACCEPT OR REJECT THE PLAN.**

5. The hearing on confirmation of the Plan is scheduled for July 21, 2005 at 2:00 p.m., New York Time, in Courtroom 14-B, United States District Court for the Southern District of New York, 500 Pearl Street, New York, New York. This hearing may be adjourned from time to time without further notice other than an announcement of the adjourned date(s) at the hearing and at any adjourned hearing(s).

6. Any objection to confirmation of the Plan must (i) be in writing, (ii) state the name and address of the objecting party and the amount of its claims or the nature of its interest, (iii) state, with particularity, the nature of the objection, (iv) be filed with the Clerk of the Bankruptcy Court (with a hard copy delivered directly to the chambers of the Honorable Jed S. Rakoff, United States District Judge, Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, Room 1340, New York, New York 10007-1312, and the chambers of the Honorable Robert D. Drain, United States Bankruptcy Judge, United States Bankruptcy Court for the Southern District of New York, One Bowling Green, New York, New York 10004-1408), together with proof of service and (v) be served on (i) Weil, Gotshal & Manges LLP, Attorneys for Debtors and Debtors in Possession, 767 Fifth Avenue, New York, New York 10153, Attention: Michael P. Kessler, Esq.; (ii) the Office of the United States Trustee for the Southern District of New York, 33 Whitehall Street, 21st Floor, New York, New York 10004, Attention: Deirdre A. Martini, Esq. and Richard Morrissey, Esq.; (iii) Kaye Scholer, LLP, Attorneys for the Creditors' Committee, 425 Park Avenue, New York, New York 10022, Attention: Richard G. Smolev, Esq.; and (iv) Brown Rudnick Berlack Israels LLP, Attorneys for Ephedra Claimants Committee, Seven Times Square, New York, New York 10036, Attention: David Molton, Esq. so as to be received on or before <u>4:00 p.m., New York Time, on July 14, 2005</u>. **Any confirmation objection not filed and served as set forth herein shall be deemed waived and may not be considered by the Bankruptcy Court.**

7. The Debtors will <u>not</u> provide you with a copy of the Disclosure Statement and/or the Plan unless you request, in writing, to receive a copy of these documents. If you wish to receive copies of the Disclosure Statement and/or Plan, please direct your written request to: BSI - FBG, 757 Third Avenue – 3rd Floor, New York, New York 10017. Upon receipt of such written request, you will be provided with a copy of the Disclosure Statement and/or Plan at no expense. If, notwithstanding this Notice of Non-Voting Status, you believe that you may have a claim against the Debtors which entitles you to vote on the Plan, you should immediately request copies of the Disclosure Statement, the Plan and a Ballot.

Dated: [_____], 2005
     New York, New York

 

                                     _____
                                     Michael P. Kessler, Esq. (MPK 7134)
                                     WEIL, GOTSHAL & MANGES LLP
                                     767 Fifth Avenue
                                     New York, NY 10153-0119
                                     Telephone: (212) 310-8000
                                     Facsimile: (212) 310-8007

                                     Attorneys for Debtors and
                                      Debtors In Possession

# EXHIBIT  G

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------x

In re                                            :
                                                 :        04 MD 1598 (JSR)
EPHEDRA PRODUCTS LIABILITY                       :
LITIGATION.                                      :
                                                 :
                                                 :
                                                 :

-------------------------------------------------------------x

PERTAINS TO ALL CASES

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------x

In re                                            :
                                                 :        Chapter 11 Case No.
TL ADMINISTRATION CORPORATION,   :
et al. (f/k/a TWINLAB CORPORATION, et al.),      :        03-15564 (RDD)
                                                 :
                                                 :        (Jointly Administered)
                        Debtors.                 :

-------------------------------------------------------------x

**NOTICE OF NON-VOTING STATUS FOR FIRST AMENDED JOINT PLAN
OF LIQUIDATION OF TL ADMINISTRATION CORPORATION
(F/K/A TWINLAB CORPORATION), TL ADMINISTRATION, INC.
(F/K/A TWIN LABORATORIES INC.) AND TL ADMINISTRATION (UK) LTD.
(F/K/A TWIN LABORATORIES (UK) LTD.) UNDER CHAPTER 11 OF THE BANKRUPTCY CODE**

**TO HOLDERS OF CLASS 6 PUNITIVE DAMAGE CLAIMS AND CLASS 7 EQUITY INTERESTS,
PLEASE TAKE NOTICE THAT:**

1.  On May 25, 2005, TL Administration Corporation (f/k/a Twinlab Corporation) and certain of its direct and
    indirect subsidiaries, as debtors and debtors in possession (collectively, the "Debtors"), filed the First
    Amended Joint Plan of Liquidation of TL Administration Corporation (f/k/a Twinlab Corporation), TL
    Administration Inc. (f/k/a Twin Laboratories Inc.), and TL Administration (UK) Ltd. (f/k/a Twin Laboratories
    (UK) Ltd.) Under Chapter 11 of the Bankruptcy Code (as same may be amended, the "Plan") and the First
    Amended Disclosure Statement for the First Amended Joint Plan of Liquidation of TL Administration
    Corporation (f/k/a Twinlab Corporation), TL Administration Inc. (f/k/a Twin Laboratories Inc.), and TL
    Administration (UK) Ltd. (f/k/a Twin Laboratories (UK) Ltd.) Under Chapter 11 of the Bankruptcy Code (as
    same may be amended, the "Disclosure Statement"). On [      ], 2005, the Bankruptcy Court[1] approved the
    Disclosure Statement as containing adequate information within the meaning of section 1125 of title 11 of the
    United States Code (the "Bankruptcy Code").

2.  **IF YOU HOLD A CLASS 6 PUNITIVE DAMAGE CLAIM**, the Plan provides as follows:  Each holder of
    a Punitive Damage Claim shall (i) be subordinated in full to the Claims in Class 1, Class 2, Class 3, Class 4,
    and Class 5 and (ii) receive no distribution under the Plan.  **AS A HOLDER OF AN IMPAIRED CLAIM
    UNDER THE PLAN IN WHICH YOU WILL RECEIVE NO DISTRIBUTION, YOU ARE DEEMED
    TO HAVE REJECTED THE PLAN PURSUANT TO SECTION 1126(g) OF THE BANKRUPTCY
    CODE AND ARE NOT ENTITLED TO VOTE TO ACCEPT OR REJECT THE PLAN.**

---

[1] Capitalized terms used herein but not defined have the meaning ascribed to such terms in the Plan.

3.  **IF YOU HOLD A CLASS 7 EQUITY INTEREST**, the Plan provides as follows:  On the Effective Date, or as soon thereafter as is reasonably practicable, all Equity Interests shall be canceled, at which time one new share of Holdings common stock shall be issued to the Plan Administrator who shall hold such share as custodian for the benefit of holders of Equity Interests consistent with their former economic entitlement.  Such holders' beneficial interests in such share of new common stock shall be noncertified and nontransferable.  Holders of Class 7 Equity Interests are not entitled to vote and shall be conclusively deemed to have rejected the Plan. **AS A HOLDER OF AN IMPAIRED INTEREST UNDER THE PLAN IN WHICH YOU WILL RECEIVE NO DISTRIBUTION, YOU ARE DEEMED TO HAVE REJECTED THE PLAN PURSUANT TO SECTION 1126(g) OF THE BANKRUPTCY CODE AND ARE NOT ENTITLED TO VOTE TO ACCEPT OR REJECT THE PLAN.**

4.  The hearing on confirmation of the Plan is scheduled for <u>July 21, 2005 at 2:00 p.m.</u>, New York Time, in Courtroom 14-B, United States District Court for the Southern District of New York, 500 Pearl Street, New York, New York.  This hearing may be adjourned from time to time without further notice other than an announcement of the adjourned date(s) at the hearing and at any adjourned hearing(s).

5.  Any objection to confirmation of the Plan must (i) be in writing, (ii) state the name and address of the objecting party and the amount of its claims or the nature of its interest, (iii) state, with particularity, the nature of the objection, (iv) be filed with the Clerk of the Bankruptcy Court (with a hard copy delivered directly to the chambers of the Honorable Jed S. Rakoff, United States District Judge, 500 Pearl Street, Room 1340, New York, New York 10007-1312, and the chambers of the Honorable Robert D. Drain, United States Bankruptcy Judge, United States Bankruptcy Court for the Southern District of New York, One Bowling Green, New York, New York 10004-1408), together with proof of service and (v) be served on (i) Weil, Gotshal & Manges LLP, Attorneys for Debtors and Debtors in Possession, 767 Fifth Avenue, New York, New York 10153, Attention:  Michael P. Kessler, Esq.; (ii) the Office of the United States Trustee for the Southern District of New York, 33 Whitehall Street, 21st Floor, New York, New York 10004, Attention: Deirdre A. Martini, Esq. and Richard Morrissey, Esq.; (iii) Kaye Scholer, LLP, Attorneys for the Creditors' Committee, 425 Park Avenue, New York, New York 10022, Attention: Richard G. Smolev, Esq.; and (iv) Brown Rudnick Berlack Israels LLP, Attorneys for the Ephedra Claimants Committee, Seven Times Square, New York, New York 10036, Attention: David Molton, Esq. so as to be received on or before <u>4:00 p.m. New York Time on July 14, 2005</u>.  **Any confirmation objection not filed and served as set forth herein shall be deemed waived and may not be considered by the Bankruptcy Court.**

6.  The Debtors will <u>not</u> provide you with a copy of the Disclosure Statement and/or the Plan unless you request, in writing, to receive a copy of these documents.  If you wish to receive copies of the Disclosure Statement and/or Plan, please direct your written request to:  BSI - FBG, 757 Third Avenue – 3rd Floor, New York, New York 10017.  Upon receipt of such written request, you will be provided with a copy of the Disclosure Statement and/or Plan at no expense.  If, notwithstanding this Notice of Non-Voting Status, you believe that you may have a claim against the Debtors which entitles you to vote on the Plan, you should immediately request copies of the Disclosure Statement, the Plan and a Ballot.

Dated:  **[_____]**, 2005
          New York, New York

> _____
> Michael P. Kessler, Esq. (MPK 7134)
> WEIL, GOTSHAL & MANGES LLP
> 767 Fifth Avenue
> New York, NY  10153-0119
> Telephone: (212) 310-8000
> Facsimile: (212) 310-8007
>
> Attorneys for Debtors and
>   Debtors In Possession